```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 04/15/2016
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD E. IVERS, JR.,

    Appellant,

v.

CIENA CAPITAL LLC f/k/a BUSINESS
LOAN EXPRESS, LLC, *et al.*,

    Appellees.

---

In re:

CIENA CAPITAL LLC f/k/a BUSINESS
LOAN EXPRESS, LLC, *et al.*,

    Reorganized Debtors.

---

No. 15-CV-7993 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

    Second Circuit law has long required that parties appealing from Bankruptcy Court orders must strictly adhere to the requirements of the Federal Rules of Bankruptcy Procedure (the "Rules") governing when notices of appeal must be filed. *See In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005). Rule 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." *In re Siemon* held "that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'" *Id.*

    The rule established by *In re Siemon* may seem draconian, especially in the context of *pro se* appellants who file their notices of appeal close to, but nonetheless after, the deadline. Yet

district courts routinely dismiss bankruptcy appeals filed in just those circumstances. *See, e.g.*, *In re Residential Capital, LLC*, 519 B.R. 606, 610 (S.D.N.Y. 2014) (dismissing *pro se* bankruptcy appeal filed one day late); *Surabian v. Picard*, No. 13-CV-935 (JGK), 2014 WL 917091, at *1–2 (S.D.N.Y. Mar. 7, 2014) (dismissing *pro se* bankruptcy appeal filed two days late); *Chaturvedi v. O'Connell*, No. 08-CV-249 (LAP), 2008 WL 2276690, at *1–2 (S.D.N.Y. June 2, 2008) (dismissing *pro se* bankruptcy appeal faxed to Bankruptcy Court clerk's office after hours on the day it was due and filed in person the next day), *aff'd* 335 F. App'x 145 (2d Cir. 2009); *One Stop Realtour Place, Inc. v. Allegiance Telecom Liquidating Tr.*, No. 05-CV-6861 (GBD), 2005 WL 3312248, at *1 (S.D.N.Y. Dec. 5, 2005) (dismissing *pro se* bankruptcy appeal mailed on the day it was due and received the next day).

This appeal is dismissed for the same reason all those appeals were, namely because Appellant did not file a timely notice of appeal with the Bankruptcy Court clerk's office within fourteen days as required by Rule 8002(a).

## BACKGROUND

The Bankruptcy Court proceedings relevant to this appeal commenced on September 30, 2008. The court expunged Appellant's claim on March 17, 2010. Norton Decl. Ex. A. On February 4, 2015—almost five years after his claim was expunged—Appellant submitted a letter in Bankruptcy Court requesting that his claim be allowed. Norton Decl. Ex. B. The court construed Appellant's letter as a motion for reconsideration, which it denied on April 15, 2015. Norton Decl. Ex. E.

On April 27, 2015, Appellant moved for reconsideration of the April 15 order. Norton Decl. Ex. F. The court denied that motion on August 10, 2015. Norton Decl. Ex. I.

According to U.S. Postal Service receipts, Appellant mailed a notice of appeal from the April 15 order to the Bankruptcy Court clerk's office on August 21, 2015. Appellant Resp. at 4. As Appellant acknowledges, however, the clerk's office did not receive the notice until August 27, 2015, seventeen days after the August 10 order declining to reconsider the April 15 order was entered. *Id.* at 2; Norton Decl. Ex. J.

Also according to U.S. Postal Service receipts, Appellant mailed an amended notice of appeal to this Court's clerk's office on August 25, 2015. Appellant Resp. at 11. The amended notice, which attached the Bankruptcy Court's August 10 order, arrived on August 28, 2015 (eighteen days after the August 10 order) and was received by the Bankruptcy Court clerk's office on September 4, 2015 (twenty-five days after the August 10 order). *Id.* at 12; Norton Decl. Ex. L.

## DISCUSSION

To appeal from the decision of a bankruptcy court to a district court, "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1). "Timeliness is determined by receipt." *In re Affirmative Equities Co., L.P.*, No. 15-CV-2648 (CM), 2015 WL 4469309, at *1 (S.D.N.Y. July 21, 2015). The date on which a notice of appeal is "filed" is therefore "the date the clerk receives it, not the date it is mailed." *Petite-El v. WorldCom, Inc.*, No. 05-CV-3179 (PAC), 2006 WL 27443, at *2 n.5 (S.D.N.Y. Jan. 4, 2006) (quoting *In re Simpson*, 215 B.R. 885, 886 (B.A.P. 10th Cir. 1998)). As noted above, when a notice of appeal is not timely filed, the district court lacks jurisdiction to adjudicate the appeal, and it must be dismissed. *See In re Siemon*, 421 F.3d at 169. This is so even when a *pro se* appellant mails a notice of appeal on or before the filing deadline, but the Bankruptcy Court clerk receives it after the deadline. *See One Stop Realtour Place*, 2005 WL 3312248, at *1.

3

Both of Appellant's notices of appeal were filed (*i.e.*, received) more than fourteen days after the Bankruptcy Court entered the August 10 order. There is no dispute that the Bankruptcy Court clerk's office received Appellant's notice of appeal on August 27, 2015, seventeen days after August 10. *See* Appellant Resp. at 2 (noting that the Bankruptcy Court clerk's office "received and filed [the notice of appeal] on August 27, 2015"); Norton Decl. Ex. J (notice of appeal stamped "received" on August 27, 2015). Nor is there any dispute that the Bankruptcy Court clerk's office received Appellant's amended notice of appeal after receiving his original notice of appeal. *See* Appellant Resp. at 2 (noting that the amended notice of appeal arrived at this Court's clerk's office on August 28, 2015); Norton Decl. Ex. L (notice of appeal stamped "received" by the Bankruptcy Court on September 4, 2015). For this reason, this Court "is without jurisdiction to consider the appeal," and it must be dismissed. *In re Siemon*, 421 F.3d at 169.

Appellant's arguments to the contrary do not change this result. Appellant first argues that, "[b]ased on information [he] received from the Bankruptcy Court[] clerk office[, he] was informed that [he] ha[d] 14 business days" to file his notices of appeal, rather than fourteen calendar days. Appellant Resp. at 1. The bankruptcy rules require, however, that "a notice of appeal must be filed with the bankruptcy clerk within *14 days* after entry of the judgment, order, or decree being appealed," not fourteen business days. Fed. R. Bankr. P. 8002(a)(1) (emphasis added); *see One Stop Realtour Place*, 2005 WL 3312248, at *1 ("Intervening weekends and legal holidays are included for time periods of eight days or more."). Even if Appellant was under the misimpression that he had fourteen business days, this error could be relevant only to whether his failure to comply with Rule 8002 was the product of "excusable neglect," which the Second Circuit has, in any event, held does not allow a district court to assume jurisdiction over a bankruptcy appeal when such

jurisdiction is otherwise lacking. *See In re Siemon*, 421 F.3d at 169 (holding that Rule 8002(a) is jurisdictional "regardless of whether the appellant can demonstrate 'excusable neglect'").

Appellant also argues, based on U.S. Postal Service receipts and tracking information, that he mailed copies of his notice of appeal on the same day to the Bankruptcy Court clerk's office, this Court, Bankruptcy Judge Stuart M. Bernstein (who issued the April 15 and August 10 orders), and counsel for Appellees, and that the notice sent to Judge Bernstein arrived on August 24, 2015, exactly fourteen days after the August 10 order was entered. Appellant Resp. at 2, 4–10. Rule 8002 requires, however, that a notice of appeal be filed "with the bankruptcy clerk," not the bankruptcy judge. Fed. R. Bankr. P. 8002(a)(1). Appellant attributes the fact that the Bankruptcy Court clerk's office did not receive its copy until August 27, 2015 to "post office error." Appellant Resp. at 2. Frustrating as this may be for Appellant—understandably—such an error again could amount to no more than "excusable neglect" that does not affect this Court's jurisdiction over his appeal.

Ultimately, no Federal Rule of Bankruptcy Procedure or court decision allows the Court to overlook Appellant's failure to file his notices of appeal "with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." Fed. R. Bankr. P. 8002(a)(1).[1] The Court therefore lacks jurisdiction over this appeal and is compelled to dismiss it.

---

[1] Another provision of the Bankruptcy Rules provides:

> A paper intended to be filed with the clerk but erroneously delivered to . . . a bankruptcy judge . . . shall, after the date of its receipt has been noted thereon, be transmitted forthwith to the clerk of the bankruptcy court. . . . In the interest of justice, the court may order that a paper erroneously delivered shall be deemed filed with the clerk . . . as of the date of its original delivery.

Fed. R. Bankr. P. 5005(c). Although *pro se* Appellant does not rely on it, Rule 5005(c) authorizes courts, in some circumstances, to accept a paper as "filed" with the Bankruptcy Court clerk on the day a bankruptcy judge receives it. Those circumstances, however, are not present here. The notice of appeal delivered to Judge Bernstein was in fact addressed to Judge Bernstein, and Appellant mailed a separate copy of the notice to the Bankruptcy Court clerk's office. Appellant Resp. at 2, 4. The specific "paper" received by Judge Bernstein, therefore, was not "intended to be filed with the clerk," nor was it "erroneously delivered to . . . a bankruptcy judge." The paper received by Judge

## CONCLUSION

Appellees' motion to dismiss this appeal as being untimely filed is granted. The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated:   April 15, 2016
         New York, New York

_____
Ronnie Abrams
United States District Judge

---

Bernstein was instead intended to be sent to Judge Bernstein and accurately delivered to its addressee. For that reason, Rule 5005(c) does not authorize this Court to deem Appellant's notice of appeal as "filed" when Judge Bernstein received it on August 24, 2015, even if the Court believes it would be in the "interest of justice" to do so.